**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GREGORY A. TOMCZYK, SR., | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 1:19-cv-04328 |
| BSI FINANCIAL SERVICES, INC., EQUIFAX INFORMATION SERVICES, LLC, JP MORGAN CHASE BANK, N.A., and TRANSUNION, LLC, | JURY TRIAL DEMANDED |
| Defendants. | |

## COMPLAINT

**NOW COMES** Gregory A. Tomczyk, Sr., ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd., complaining as to the conduct of Defendants, BSI Financial Services, Inc., ("BSI"), Equifax Information Services, LLC ("Equifax"), JP Morgan Chase Bank, N.A. ("Chase"), and TransUnion, LLC ("TransUnion") (collectively, "Defendants"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendants' violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 *et seq.*, and for Defendant BSI's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et seq.*

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FCRA, FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Northern District of Illinois, Defendants conduct business in the Northern District of Illinois and

all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

**PARTIES**

4.   Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, owned the properties located at 3274 Middlesax Drive, Lake Zurich, Illinois 60047 ("Long Grove property") and 2310 N. Enlund Dr., Unit 5, Palatine, Illinois 60074 ("Palatine property") (collectively, "subject properties").

5.   Defendant BSI is a Delaware corporation with its principal place of business in Texas. BSI is a foreign company and a creditor, lender, debt collector, and servicer of mortgage loans across the country, qualified to do business in the State of Illinois. BSI is a furnisher of information to the major credit reporting agencies, including Equifax and TransUnion.

6.   Defendant Equifax is a corporation incorporated in the state of Georgia, is authorized to do business in the State of Illinois, and is registered with the Illinois Secretary of State. It has a registered agent located in Illinois. Equifax TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of Illinois.

7.   Defendant Chase is a National Banking Association organized under the laws of the United States with its principal place of business at 270 Park Avenue, New York, New York. Chase is a foreign company, a creditor, lender, debt collector, furnisher of credit information, and servicer of mortgage loans across the country, including the State of Illinois. Chase is a furnisher of information to the major credit reporting agencies, including Equifax and TransUnion.

8. Defendant TransUnion is a Delaware limited liability corporation with its principal place of business located in Chicago, Illinois. TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of Illinois.

**BANKRUPTCY CASE**

9. In February 2011, Plaintiff executed a mortgage and note in favor of U.S. Bank, N.A., secured by the Lake Zurich property.

10. In April 2012, Plaintiff executed a mortgage and note in favor of Chase, secured by the Palatine property.

11. On January 6, 2017, Plaintiff filed a Chapter 13 Bankruptcy Petition in the United States Bankruptcy Court, Northern District of Illinois, Case number 17-00423 ("bankruptcy").

12. Schedule D of the bankruptcy petition listed a secured pre-petition debt to US Bank, serviced by Seterus, Inc., in the amount of $65,718.00, secured by the Lake Zurich property.

13. Schedule D of the bankruptcy petition listed a secured pre-petition debt to Chase, in the amount of $56,625.00, secured by the Palatine property.

14. On June 29, 2017, because Plaintiff listed US Bank and Chase as creditors, the Bankruptcy Noticing Center ("BNC") served each with notice of Plaintiff's bankruptcy filing and Plaintiff's Modified Chapter 13 Plan.

15. Plaintiff's Modified Plan proposed to treat US Bank's claim as follows:

> "Debtor is surrendering the real property located at 3274 Middlesax Drive, Lake Zurich, IL 60047 to U.S. Bank, in full satisfaction of its secured claims."

16. On August 11, 2017, Plaintiff's Modified Chapter 13 plan was confirmed by the Honorable A. Benjamin Goldgar.

17. In late 2017, while Plaintiff was in default, BSI became the servicer of the subject loan on behalf of Chase.

18. Plaintiff fully performed his duties and made all payments as was required under the terms of his confirmed Chapter 13 Plan.

19. On May 10, 2018, the Bankruptcy Court entered a Discharge Order in Plaintiff's bankruptcy case discharging all dischargeable debts, including the loans related to the subject properties.

20. Pursuant to 11 U.S.C. §524, the Order of Discharge invoked the protections of the discharge injunction prohibiting any acts to collect upon the subject debt by BSI and Chase, or any other party.

21. Plaintiff's personal liability on the subject loans was extinguished via his bankruptcy discharge, thus terminating the business relationship with BSI and Chase, and any of their successors and assigns.

## CREDIT REPORTING AND PLAINTIFF'S CREDIT DISPUTES TO TRANSUNION & EQUIFAX

22. In November 2018, after Plaintiff received his discharge, Plaintiff accessed his credit reports to determine whether his creditors were reporting accurate and complete information in his credit files. Plaintiff discovered Defendants were reporting multiple inaccurate and incomplete information. Plaintiff sent dispute letter in order to try and resolve these credit reporting errors.

### a. Plaintiff's Dispute Letter to TransUnion

23. On December 11, 2018, Plaintiff sent a written credit dispute letter to TransUnion requesting them to report the subject loan for the Palatine property with accurate and complete

4

information. Plaintiff attached his bankruptcy discharge order and his Chapter 13 Modified Plan to his dispute letter.

24. Among other things, Plaintiff's first dispute letter stated the following:

> "BSI Financial Services, Inc, acct # xxxxxx3150 – The account status, balance, payment history, amount past due, and comments are all wrong and need to be corrected as I am not liable for this account."

25. Upon information and belief, BSI received notice of Plaintiff's dispute letter and all relevant bankruptcy information from TransUnion within five days of TransUnion receiving Plaintiff's dispute letter. *See* 15 U.S. Code §1681i(a)(2).

### b.  TransUnion and BSI's  Failure to Correct Inaccurate Reporting

26. On January 11, 2019, TransUnion responded to Plaintiff's detailed dispute letter by correcting some of the accounts discharged in his bankruptcy, but not the BSI account. TransUnion responded by stating that it had investigated the information and updated the BSI account as of July 17, 2018.

27. Despite receiving Plaintiff's dispute letter, TransUnion and BSI continued to report the subject loan relating to the Palatine property with a "Pay Status" of 120 Days Past Due Date, "Remarks" of Foreclosure Collateral Sold, a derogatory status of "Charge Off," and "Terms" of $2,635 per month, paid monthly for 360 months.

28. Specifically, TransUnion's response reported the BSI debt as follows:

| BSI FINANCIAL SERVICES #146186**** ( PO BOX 517, 314 S FRANKLIN ST, TITUSVILLE, PA 16354-0517, (800) 327-7861 ) |
|---|
| We investigated the information you disputed and updated: **Date Updated; Original Charge-Off; Date Closed; Rating.** Here is how this item appears on your credit report following our investigation. |

| | | | |
|---|---|---|---|
| Date Opened: | 02/17/2011 | Balance: | $0 |
| Responsibility: | Individual Account | Date Updated: | 07/17/2018 |
| Account Type: | Mortgage Account | Last Payment Made: | 12/09/2015 |
| Loan Type: | CONVENTIONAL REAL ESTATE MTG | High Balance: | $284,750 |
| | | Original Charge-off: | $0 |

Pay Status: >Account 120 Days Past Due Date<

Terms: $2,635 per month, paid Monthly for 360 months

Date Closed: 07/17/2018
>Maximum Delinquency of 120 days in 05/2018 and in 07/2018<

Remarks: >FORECLOSURE COLLATERAL SOLD<
Estimated month and year that this item will be removed: 06/2022

| | 06/2018 | 05/2018 | 04/2018 | 03/2018 | 02/2018 | 01/2018 | 12/2017 | 11/2017 | 10/2017 | 09/2017 | 08/2017 | 07/2017 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | 120 | 120 | X | X | X | X | X | X | X | X | X | X |

| | 06/2017 |
|---|---|
| Rating | X |

29. More notably, TransUnion and BSI failed to report the BSI trade line as discharged in bankruptcy and failed to report the subject loan as disputed.

30. The reporting of the BSI trade line is patently inaccurate, incomplete, and creates a materially misleading impression that Plaintiff is delinquent, is still obligated to pay a monthly payment, a foreclosure was initiated, and the BSI debt was charged off after Plaintiff's discharge. Plaintiff is no longer personally liable on the subject loan by virtue of his bankruptcy discharge on May 10, 2018.

### c.  Plaintiff's Dispute Letter to Equifax

31. On December 11, 2018, Plaintiff sent a written credit dispute letter to Equifax requesting them to report the subject loan for the Lake Zurich property with accurate and complete information. Plaintiff attached his bankruptcy discharge order and his Chapter 13 Modified Plan to his dispute letter.

32. Among other things, Plaintiff's first dispute letter stated the following:

> "I have reviewed my credit reports and found that several accounts are reporting inaccurate information:
> Chase MTG, acct # xxxxxxxxxx2401 – this account was paid and closed and the scheduled payment amount of $2,635 should be zero.

> Chase MTG, acct # xxxxxxxxxx7798 – this account was paid and closed and the scheduled payment amount of $910 should be zero.
> Chase MTG, acct # xxxxxxxxxx1155 – this account was paid and closed and the scheduled payment amount of $121 should be zero."

33. Upon information and belief, Chase received notice of Plaintiff's dispute letter and all relevant bankruptcy information from Equifax within five days of Equifax receiving Plaintiff's dispute letter. *See* 15 U.S. Code §1681i(a)(2).

### d.  Defendant Equifax's Failure to Correct Inaccurate Credit Reporting

34. On January 15, 2019, Equifax responded to Plaintiff's detailed dispute letter by failing to conduct a reasonable investigation into Plaintiff's discharged Chase accounts. Equifax responded by stating that it had investigated the information and updated the Chase accounts as of January 15, 2019.

35. Despite receiving Plaintiff's dispute letter, Equifax and Chase continued to report the subject loan relating to the Lake Zurich property with a derogatory scheduled payment amounts despite Plaintiff's bankruptcy filing and despite that the Chase accounts were paid and closed accounts.

36. Specifically, Equifax's response reported the Chase debts as follows:



7

>>> We have researched the credit account. Account # - 156008123* The results are: If you have additional questions about this item please contact: **Chase MTG, PO Box 24696, Columbus, OH 43224-0696 Phone: (800) 848-9136**

| Chase MTG | PO Box 24696 | Columbus OH 43224-0696 ; (800) 848-9136 | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Account Number | | | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Revd | Activity Designator | Creditor Classification |
| 156008123* | | | 08/25/2003 | $224,000 | $0 | 30 | Monthly | 89 | Paid and Closed | |
| Items As of Date Reported | Balance Amount | Amount Past Due | Date of Last Payment | Actual Payment Amount | Scheduled Payment Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj. Del. 1st Rptd | Charge Off Amount | Deferred Pay Start Date / Balloon Pay Amount / Balloon Pay Date / Date Closed |
| 12/18/2018 | $0 | $0 | 02/2011 | $187,747 | $2,074 | | 02/2011 | $0 | $0 | $0 / $0 / 02/2011 |
| Status | | Type of Account | | Type of Loan | | Whose Account | | Portfolio Indicator | | Portfolio Status |
| Pays As Agreed | | Mortgage | | Conventional Re Mortgage | | Individual Account | | | | |
| ADDITIONAL INFORMATION: | | | | | | | | | | |
| Closed or Paid Account/Zero Balance | | | | | | | | | | |

37. The reporting of the Chase debts are patently inaccurate and creates a materially misleading impression that Plaintiff is still personally responsible for, and obligated to pay a monthly payment amount. However, Plaintiff is no longer personally liable on the Chase debts because these accounts are paid, closed, and were included and discharged in Plaintiff's Chapter 13 bankruptcy on May 10, 2018.

**IMPACT OF CONTINUING
INCORRECT REPORTING ON PLAINTIFF'S CREDIT FILE**

38. As of today, Defendants' erroneous reporting continues to paint a false and damaging image of Plaintiff. Defendants have yet to update their reporting to accurately reflect the discharged status of the subject loans.

39. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to his ability to regain a firm foothold on his creditworthiness, credit standing, credit capacity, and his ability to move forward after his bankruptcy discharge.

40. The inaccurate and incomplete reporting of subject loans continue to have significant adverse effects on Plaintiff's credit rating and severely affects his ability to obtain financing because it creates a false impression that Plaintiff is in default on the subject loans and is still obligated to pay a scheduled monthly payment, rendering Plaintiff a high risk consumer and damaging his creditworthiness.

41. On May 9, 2019, in an effort to remedy the continued inaccurate and incomplete reporting of the subject loans and to validate the accuracy of Defendants' credit reporting, Plaintiff purchased a Credit Report and Score for $19.95.

42. The Credit Report Plaintiff purchased revealed that Defendants' were still inaccurately and incompletely reporting the subject loans. Moreover, Defendants' failed to report the subject loans as discharged in Plaintiff's bankruptcy.

43. Plaintiff suffered monetary damages he otherwise would not have incurred had Defendants ceased or corrected the inaccurate and incomplete reporting of the subject loans after Plaintiff's detailed disputes.

44. As a result of the conduct, actions, and inaction of the Defendants, Plaintiff has suffered various types of damages as set forth herein, including specifically, out-of-pocket expenses, the loss of credit opportunity, time and money expended meeting with his attorneys, tracking the status of his disputes, monitoring his credit file, and mental and emotional pain and suffering.

45. Due to the conduct of the Defendants, Plaintiff was forced to retain counsel to resolve the erroneous credit reporting.

### COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST BSI)

46. Plaintiff restates and realleges paragraphs 1 through 45 as though fully set forth herein.

47. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

48. Plaintiff is a "person" as defined by 15 U.S.C. §1681a(b).

49. BSI is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

50. At all times relevant, the above mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

51. BSI violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from TransUnion and Plaintiff.

52. BSI violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information, especially Plaintiff's discharge order, provided by TransUnion and Plaintiff pursuant to 15 U.S.C. §1681i(a)(2).

53. Had BSI reviewed the information provided by TransUnion and Plaintiff, it would have corrected the inaccurate designation of the subject loan, transmitting the correct information to TransUnion. Instead, BSI wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

54. BSI violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the complete results of the investigation or reinvestigation of Plaintiff's disputes with TransUnion.

55. BSI violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to TransUnion after being put on notice and discovering inaccurate, incomplete, and misleading reporting with respect to the subject loan.

56. BSI violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information from appearing and reappearing on Plaintiff's credit files.

57. BSI failed to conduct a reasonable investigation of its reporting of the subject loan, record that the information was disputed, or delete the inaccurate reporting from Plaintiff's credit files within 30 days of receiving notice of Plaintiff's disputes from TransUnion under 15 U.S.C. §1681i(a)(1).

58. Despite the blatantly obvious errors in Plaintiff's credit files, and Plaintiff's efforts to correct the errors, BSI did not correct the errors or the trade line to report accurately and

completely. Instead, BSI wrongfully furnished and re-reported the inaccurate, incomplete and misleading information after Plaintiff's disputes to one or more third parties.

59. Moreover, BSI failed to report the subject loan as discharged in bankruptcy on multiple occasions.

60. A reasonable investigation by BSI would have confirmed the veracity of Plaintiff's disputes, yet the inaccurate information continues to be reported in Plaintiff's credit files.

61. Had BSI taken steps to investigate Plaintiff's valid disputes or TransUnion's requests for investigation, it would have permanently corrected the erroneous, incomplete, and materially misleading credit reporting. Plaintiff provided all relevant information to support his valid disputes in his requests for investigation. Furthermore, Plaintiff's bankruptcy information is public record that is widely available and easily accessible.

62. By deviating from the standards established by the mortgage servicing industry and the FCRA, BSI acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to TransUnion.

**WHEREFORE,** Plaintiff GREGORY A. TOMCZYK, SR., respectfully prays this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing that BSI immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f.   Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g.   Award any other relief as this Honorable Court deems just and appropriate.

### COUNT II - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST TRANSUNION)

63. Plaintiff restate and realleges paragraphs 1 through 62 as though fully set forth herein.

64. TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

65. TransUnion is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

66. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

67. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

68. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

69. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

70. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

71. Plaintiff provided TransUnion with all relevant information and documentation in his request for investigation and reinvestigation to reflect his bankruptcy discharge and that he is no longer personally liable for the subject loan.

72. TransUnion prepared an incomplete consumer report of Plaintiff by failing to completely and accurately notate that Plaintiff is disputing the reporting of the subject loan in violation of 15 U.S.C. §1681c(f).

73. Moreover, TransUnion failed to report the BSI trade line as discharged in bankruptcy.

74. A simple review of the relevant documents submitted by Plaintiff would have confirmed that Plaintiff had filed bankruptcy and received a discharge.

75. TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, TransUnion prepared patently false, incomplete, and materially misleading consumer reports concerning Plaintiff.

76. TransUnion violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

77. Had TransUnion taken any steps to investigate Plaintiff's valid disputes, it would have determined that subject loan was discharged in Plaintiff's bankruptcy on May 10, 2018.

78. TransUnion violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to BSI. Upon information and belief, TransUnion also failed to include all relevant information as part of the notice to BSI regarding Plaintiff's disputes that TransUnion received from Plaintiff.

79. TransUnion violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject loan.

80. TransUnion violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's disputes.

81. TransUnion violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from BSI that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

82. TransUnion violated 15 U.S.C. §1681c(f) by failing to notate that Plaintiff disputed the reporting of the subject loan. TransUnion is required to notate each account that a consumer disputes in each consumer report that includes the disputed information.

83. After Plaintiff's written detailed disputes, TransUnion had specific information related to Plaintiff's bankruptcy case, and subsequent discharge order, which included the subject loan.

84. TransUnion knew that the inaccurate reporting of the subject loan in Plaintiff's credit files under the BSI trade line as delinquent with a "Pay Status" of 120 Days Past Due Date, "Remarks" of Foreclosure Collateral Sold, a derogatory status of "Charge Off," and "Terms" of $2,635 per month, paid monthly for 360 months after his bankruptcy discharge, would have a significant adverse affect on Plaintiff's credit worthiness and ability to receive a "fresh start" after completing his bankruptcy.

85. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

86. Despite actual knowledge that Plaintiff's credit files contained erroneous information, TransUnion readily sold Plaintiff's inaccurate, incomplete, and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

87. By deviating from the standards established by the credit reporting industry and the FCRA, TransUnion acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

14

88. It is TransUnion's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

89. TransUnion's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting his credit information accurately and completely.

90. TransUnion acted reprehensively and carelessly by reporting and re-reporting Plaintiff as continually delinquent on the subject loan after Plaintiff was discharged in bankruptcy.

91. TransUnion has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

92. As stated above, Plaintiff was severely harmed by TransUnion's conduct.

**WHEREFORE**, Plaintiff GREGORY A. TOMCZYK, SR., respectfully pray this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing that TransUnion immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

## COUNT III – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
(AGAINST BSI)

93. Plaintiff restates and realleges paragraphs 1 through 92 as though fully set forth herein.

94. The Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

95. The subject debt qualifies as a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

96. BSI qualifies as a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail, credit reporting, and/or the telephones to collect or attempt to collect delinquent consumer accounts.

97. BSI qualifies as a "debt collector" because it acquired servicing rights to the subject loan after it was in default. 15 U.S.C. §1692a(6).

98. BSI's credit reporting communications to Plaintiff were made in connection with a collection of the subject loan.

99. Section 524(a)(2)-(3) of the Bankruptcy Code, commonly known as the "discharge injunction," prohibits "an act, to collect, recover or offset any such debt as a personal liability of the debtor,"  and "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor." 11 U.S.C. §§524(a)(2)-(3).

100. BSI violated 15 U.S.C. §§1692e(8) through its debt collection efforts on a debt discharged in bankruptcy.

### a. Violations of FDCPA § 1692e(8)

101. SPS violated §1692e(8) by communicating false and inaccurate credit information to Transunion that it knew, or should have known, to be false by inaccurately reporting the subject loan relating to the Palatine property with a "Pay Status" of 120 Days Past Due Date, "Remarks" of Foreclosure Collateral Sold, a derogatory status of "Charge Off," and "Terms" of $2,635 per month, paid monthly for 360 months. This information was inaccurate and materially misleading because the subject loan was discharged and therefore Plaintiff had no further obligations to BSI upon entry of his discharge on May 10, 2018.

102. 15 U.S.C. §1692e(8) also requires a debt collector to disclose the fact that a debt is disputed.

103. BSI violated §1692e(8) when it failed to designate its trade line as disputed after receiving notice of Plaintiff's dispute from Plaintiff and Transunion.

104. BSI had actual knowledge of Plaintiff's bankruptcy discharge when it received numerous notices of such from the BNC, its predecessor, Plaintiff, and TransUnion.

105. BSI attempted to dragoon and induce the Plaintiff into paying a debt that was not legally owed.

106. As an experienced creditor and debt collector, BSI knew or should have known the ramifications of collecting on a debt that was discharged in bankruptcy.

107. BSI knew or should have known that Plaintiff's discharged debt was uncollectable as a matter of law.

108. Upon information and belief, BSI has no system in place to identify and cease collection of debts discharged in bankruptcy.

109. Concerned about the violations of his rights and protections afforded by his bankruptcy filing and subsequent discharge, Plaintiff sought the assistance of counsel to ensure that BSI's collection efforts finally cease.

**WHEREFORE**, Plaintiff GREGORY A. TOMCZYK, SR., respectfully prays this Honorable Court for the following relief:

    a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b. Award the Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

    c. Award the Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

    d. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT IV- VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST CHASE)

110. Plaintiff restates and realleges paragraphs 1 through 109 as though fully set forth herein.

111. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

112. Chase is a "person" as defined by 15 U.S.C. §1681a(b).

113. Chase is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

114. At all times relevant, the above mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

115. Chase violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Equifax, and Plaintiff.

116. Chase violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information provided by Plaintiff and Equifax pursuant to 15 U.S.C. §1681i(a)(2).

117. Had Chase reviewed the information provided by Plaintiff, and Equifax, it would have corrected the inaccurate designation of the Chase debt, transmitting the correct information to Equifax. Instead, Chase wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

118. Chase violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of the investigation of Plaintiff's dispute with Equifax.

119. Chase violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation to Equifax after being put on notice and discovering inaccurate and misleading reporting with respect to the Chase debt and Plaintiff.

120. Chase violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information on Plaintiff's credit files.

121. Chase failed to conduct a reasonable investigation of its reporting of the Chase debts, record that the information was disputed, or delete the inaccurate reporting from Plaintiff's credit file within 30 days of receiving notice of a dispute from Equifax under 15 U.S.C. §1681i(a)(1).

122. Despite the blatantly obvious error on Plaintiff's credit file, and Plaintiff's efforts to correct the error, Chase did not correct the errors or trade lines to report accurately and completely. Instead, Chase wrongfully furnished and reported the inaccurate, incomplete, and misleading information after Plaintiff's dispute to one or more third parties.

123. A reasonable investigation by Chase would have confirmed the veracity of Plaintiff's dispute, yet the inaccurate information continues to be reported on Plaintiff's credit file.

124. Had Chase taken steps to investigate Plaintiff's valid dispute or Equifax's request for investigation, it would have permanently corrected the erroneous and misleading credit reporting.

Plaintiff provided all relevant information in his request for investigation. Furthermore, Plaintiff's bankruptcy information is public record that is widely available and easily accessible.

125. By deviating from the standards established by the loan servicing industry and the FCRA, Chase acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Equifax.

**WHEREFORE,** Plaintiff GREGORY A. TOMCZYK, SR., respectfully prays this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Order the deletion or modification of all adverse credit reporting relating to the Chase debt;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT V - VIOLATION OF THE FAIR CREDIT REPORTING ACT
#### (AGAINST EQUIFAX)

126. Plaintiff restates and realleges paragraphs 1 through 125 as though fully set forth herein.

127. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

128. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

129. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

130. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

131. Plaintiff provided Equifax with all relevant information and documentation in his request for investigation to reflect that the reporting of the Chase accounts were inaccurate.

132. Equifax prepared Plaintiff's credit reports containing inaccurate and materially misleading information by reporting the Chase debts with a scheduled payment amount, when in fact Plaintiff owed no scheduled payment amount on the Chase debts. In fact, Equifax also reports the amount as closed and paid.

133. A simple review of the relevant documents submitted by Plaintiff would have confirmed that Plaintiff had received a bankruptcy discharge and that Plaintiff was no longer legally obligated to make any scheduled payments to Chase.

134. Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. On numerous occasions, Equifax has prepared a patently false and a materially misleading consumer report concerning Plaintiff. Equifax had actual knowledge that Plaintiff had received a bankruptcy discharge on May 10, 2018 and after Plaintiff provided Equifax with his Chapter 13 Modified Plan and his bankruptcy discharge Order.[1]

---

[1] In compliance with FCRA section 1681i(5)(D), Equifax must implement an automated system through which furnishers of information to Equifax may report the results of a reinvestigation that finds incomplete or inaccurate information in a consumer's file to other such consumer reporting agencies. This system, called e-OSCAR-web, is available for use by all data furnishers.

135. Equifax violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information on Plaintiff's credit files.

136. Had Equifax taken any steps to investigate Plaintiff's valid dispute, it would have corrected the Chase accounts to report accurately and completely.

137. Equifax violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to Chase. Upon information and belief, Equifax also failed to include all relevant information as part of the notice to Chase regarding Plaintiff's dispute that Equifax received from Plaintiff.

138. Equifax violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff and Chase with regard to the Chase debts.

139. Equifax violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's dispute.

140. After Plaintiff's written detailed dispute, Equifax had specific information related to the Chase debts.

141. Equifax knew that the inaccurate designation of the Chase debts on Plaintiff's credit file under the Chase trade lines having a scheduled monthly payment after the account was closed and discharged in Plaintiff's bankruptcy would have a significant adverse effect on Plaintiff's credit worthiness.

142. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

143. Despite actual knowledge that Plaintiff's credit file was erroneous, Equifax readily sold Plaintiff's inaccurate and misleading report to one or more third parties, thereby misrepresenting Plaintiff and, ultimately, Plaintiff's creditworthiness.

144. By deviating from the standards established by the credit reporting industry and the FCRA, Equifax acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

145. It is Equifax's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

146. Equifax's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit file and reporting his credit information.

147. Equifax acted reprehensively and carelessly by reporting Plaintiff owing a scheduled payment amount on the Chase debts after his bankruptcy discharge and after the accounts were closed.

148. Upon information and belief, Equifax has exhibited a pattern of refusing to correct consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

149. As stated above, Plaintiff was severely harmed by Equifax's conduct.

**WHEREFORE**, Plaintiff GREGORY A. TOMCZYK, SR., respectfully prays this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Order the deletion of all adverse credit reporting;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Award each Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: June 27, 2019                              Respectfully Submitted,

                                                  /s/ Marwan R. Daher
                                                  Marwan R. Daher, Esq.
                                                  Omar T. Sulaiman, Esq.
                                                  *Counsel for Plaintiff*
                                                  Sulaiman Law Group, Ltd.
                                                  2500 South Highland Ave.,
                                                  Lombard, IL 60148
                                                  Phone: (630) 537-1770
                                                  Fax: (630) 575-8188
                                                  mdaher@sulaimanlaw.com
                                                  osulaiman@sulaimanlaw.com