IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Gregory A. Tomczyk, Sr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-cv-4328 |
| ) | |
| BSI Financial Services, Inc.; Equifax ) | Judge Elaine E. Bucklo |
| Information Services, LLC; JP Morgan ) | |
| Chase Bank, N.A.; and TransUnion LLC, ) | |
| ) | |
| Defendants. | |

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS COUNT IV
OF PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Pursuant to Fed. R. Civ. P. 12(b)(6), defendant JPMorgan Chase Bank, N.A. ("Chase"), by and through its undersigned counsel, hereby moves to dismiss Count IV of Plaintiff's Complaint with prejudice, and in support of its motion, states as follows:

**INTRODUCTION**

Plaintiff Gregory A. Tomczyk alleges that Chase improperly reported two mortgage loans and a home equity line of credit to co-defendant Equifax Information Services, LLC ("Equifax") because, he alleges, the loans and line of credit were discharged in bankruptcy. However, Plaintiff's own allegations show that all three of the loans were closed *over five years prior* to Plaintiff's bankruptcy. Furthermore, after Plaintiff allegedly contacted Equifax in December 2018 to dispute information being reported on the three accounts, Equifax correctly reported that the Chase loans and line of credit were all "Paid and Closed," were all closed in 2011, have a $0 balance, and have an amount due of $0. Nonetheless, Plaintiff asserts Fair Credit Reporting Act ("FCRA") claims against Chase based solely on the reporting of this correct, permissible information.

Plaintiff has not stated a plausible FCRA claim against Chase because he has not alleged any facts leading to the reasonable inference that Chase failed to investigate or correct any purportedly "inaccurate" information regarding the Chase loans. Plaintiff complains that Chase violated the FCRA because Equifax's reporting creates the impression that he was still personally liable for payments under the loans and line of credit, which he alleges were discharged in bankruptcy. However, the facts alleged and the excerpts of the Equifax report included in the Complaint demonstrate that Chase reported accurate information about the loans and line of credit, and that no reasonable person viewing the reporting would conclude Plaintiff was still liable for any payments under either loan or the line of credit. Consequently, there is no basis to plausibly conclude that Chase failed to investigate or correct any inaccurate information, since the reports show accurate information reported pursuant to FCRA's requirements. Further, because Plaintiff has not pled facts plausibly demonstrating that Chase violated FCRA, he also cannot plausibly allege that he was damaged as a result of any action by Chase. Accordingly, his FCRA claim against Chase (Count IV) should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

**PROCEDURAL HISTORY AND PLAINTIFF'S ALLEGATIONS**

**Procedural History.** On June 27, 2019, Plaintiff filed his Complaint in this case, naming Chase, Equifax, BSI Financial Services, Inc. ("BSI"), and TransUnion, LLC ("TransUnion") as defendants. (Dkt. No. 1.) Chase was served with a summons and a copy of the Complaint on July 14, 2019. On September 13, 2019, the Court granted Chase until September 20, 2019 to answer or otherwise plead to Plaintiff's Complaint. (Dkt. No. 32.)

**Plaintiff's Allegations.** Plaintiff alleges that in April 2012, he executed a mortgage and in favor of Chase secured by property located in Palatine, Illinois ("the Palatine Property").

(Compl. ¶ 10.) On January 6, 2017, Plaintiff filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Northern District of Illinois, Case no. 17-423 (the "Bankruptcy"). (*Id.* ¶ 11; *see also* Plaintiff's Voluntary Petition for Individuals Filing for Bankruptcy ("Bankruptcy Petition"; attached as Ex. 1)[1].) In Schedule D to Plaintiff's Bankruptcy Petition, Plaintiff identified the Chase mortgage secured by the Palatine Property (the "Palatine Mortgage") as having been opened in April 2012, having been last active in November 2016, and having an account number ending in -620. (Schedule D to Bankruptcy Petition at 1.) There are no other Chase mortgages or home equity lines of credit identified in the Bankruptcy Petition. (*See generally* Bankruptcy Petition.) Plaintiff alleges that, in late 2017, BSI became the servicer of the Palatine Mortgage. (Compl. ¶ 17.) On May 10, 2018, an Order of Discharge was entered in Plaintiff's Bankruptcy. (*Id.* ¶ 19.)

Plaintiff alleges that, in November 2018, he pulled his credit report with Equifax, and he alleges he "discovered Defendants were reporting multiple inaccuracies and incomplete information." (*Id.* ¶ 22.) As a result, he sent a letter to Equifax on December 11, 2018, attaching a copy of his Bankruptcy discharge order and Chapter 13 Modified Plan, and requesting that Equifax investigate into three Chase mortgage accounts. (*Id.* ¶¶ 22, 31-32.) In the letter, Plaintiff identified the three Chase mortgage accounts as respectively ending in -2401, -7798, and -1155. (*Id.* ¶ 32.) He claimed in the letter that all three were being reported inaccurately because all three should be reported as "paid as closed" and the respective "scheduled payment amount[s]" of $2,635, $910, and $121 "should be zero." (*Id.*) Plaintiff alleges that, "[u]pon information and belief, Chase received notice of Plaintiff's dispute letter and bankruptcy

---

[1] The Court may take judicial notice of Plaintiff's Bankruptcy Petition. *Abbas v. RBS Citizens Nat. Ass'n*, No. 11 C 8379, 2012 WL 1932690, at *1 (N.D. Ill. May 29, 2012) ("Orders entered and filings made in other courts are subject to judicial notice. . . .").

3

information from Equifax within 5 days of Equifax receiving Plaintiff's dispute letter." (Compl. ¶ 33.)

On January 15, 2019, Equifax responded to Plaintiff's dispute letter stating that it had investigated the information and updated the credit reporting for the three Chase mortgages identified in Plaintiff's dispute letter. (*Id*. ¶ 34.) Plaintiff alleges that Equifax and Chase "continued to report the subject loan relating to the Lake Zurich property [sic] with a derogatory scheduled payment amounts [sic] despite Plaintiff's bankruptcy filing and despite that the Chase accounts were paid and closed accounts." (*Id*. ¶ 35.)[2]

Plaintiff includes excerpts of Equifax's response showing its post-dispute reporting of the three loans Plaintiff identified in his dispute letter. (*Id*. ¶ 36.) With respect to the mortgage that appears to be identified as account number 156034551*[3] (the "2005 Mortgage"), the excerpt indicates this is a "Conventional Re Mortgage" opened in 2005 and closed in "12/2011," which is also identified as the "Date of Last Activity." (*Id*.) The "Date of Last Payment" is also identified as "12/2011," the Actual Payment Amount" is identified as "$116,280," and the "Scheduled Payment Amount" is identified as "$910." (*Id*.) Under "Activity Designator," it states, "Paid and Closed," the "Status" is identified as "Paid As Agreed," and the "ADDITIONAL INFORMATION" section states, "Closed or Paid Account/Zero Balance." (*Id*.) The "Balance Amount," "Amount Past Due," "Charge Off Amount," and "Balloon Pay Amount" are all listed as "$0," and the "Date of 1st Delinquency" field is blank. (*Id*.)

---

[2] Plaintiff's reference to the "Lake Zurich property" appears to be in error, as he alleges earlier in his Complaint that he obtained a mortgage from U.S. Bank – and not Chase – with respect to a property he owned in Lake Zurich, Illinois, and which he apparently surrendered to U.S. Bank as part of the Bankruptcy. (Compl. ¶¶ 9, 15.) There are no allegations that Chase had anything to do with the Lake Zurich property or owned or serviced the mortgage loan relating to that property.

[3] The excerpt in the Complaint is blurry, but this appears to be the account number. (*See* Compl. ¶ 36.)

With respect to the line of credit that is identified as account number 41451155* (the "HELOC"), the excerpt indicates this is a "Home Equity Line of Credit" opened in 2004 and closed in "02/2011," and "01/2011" is identified as the "Date of Last Activity." (*Id*.) The "Date of Last Payment" is also identified as "01/2011," the Actual Payment Amount" is identified as "$49,259," and the "Scheduled Payment Amount" is identified as "$121." (*Id*.) Under "Activity Designator," it states, "Paid and Closed," the "Status" is identified as "Paid As Agreed," and the "ADDITIONAL INFORMATION" section states, "Closed or Paid Account/Zero Balance." (*Id*.) The "Balance Amount," "Amount Past Due," "Charge Off Amount," and "Balloon Pay Amount" are all listed as "$0," the "Date of 1st Delinquency" field is blank, the "Scheduled Payment Amount" is identified as "$121," the "Actual Payment Amount" is identified as "$49,259." (*Id*.)

With respect to the mortgage that appears to be identified as account number 158008123*[4] (the "2003 Mortgage"), the excerpt indicates this is a "Conventional Re Mortgage" opened in 2003 and closed in "02/2011," which is also identified as the "Date of Last Activity." (*Id*.) The "Date of Last Payment" is also identified as "02/2011," the Actual Payment Amount" is identified as "$187,747," and the "Scheduled Payment Amount" is identified as "$2,074." (*Id*.) Under "Activity Designator," it states, "Paid and Closed," the "Status" is identified as "Paid As Agreed," and the "ADDITIONAL INFORMATION" section states, "Closed or Paid Account/Zero Balance." (*Id*.) The "Balance Amount," "Amount Past Due," "Charge Off Amount," and "Balloon Pay Amount" are all listed as "$0," and the "Date of 1st Delinquency" field is blank. (*Id*.)

Plaintiff alleges the "reporting of the Chase debts is patently inaccurate and creates a materially misleading impression that Plaintiff is still responsible for, and obligated to pay a

---

[4] The excerpt in the Complaint is blurry, but this appears to be the account number. (*See* Compl. ¶ 36.)

monthly payment amount." (*Id*. ¶ 37.) He further alleges that he "is no longer personally liable on the Chase debts because these accounts are paid, closed, and were included and discharged in Plaintiff's Chapter 13 bankruptcy on May 10, 2018." (*Id*.) Plaintiff also alleges that the "Defendants have yet to update their reporting to accurately reflect the discharged status of the subject loans" (*id*. ¶ 38), which he alleges has affected "his ability to move forward after his bankruptcy discharge." (*Id*. ¶ 39.) Plaintiff claims that the alleged inaccurate credit reporting has adversely affected his credit rating and his ability to obtain financing because "it creates a false impression that Plaintiff is in default on the subject loans and is still obligated to pay a scheduled monthly payment amount[.]" (*Id*. ¶ 40.) Finally, Plaintiff alleges that he has suffered unidentified "out-of-pocket expenses," lost time, and "mental and emotional pain and suffering" as a result of the alleged inaccurate reporting. (*Id*. ¶ 44.)

Plaintiff purports to bring one claim against Chase. Count IV is a purported FCRA claim brought against Chase pursuant to 15 U.S.C. §§ 1681s-2 and 1681i for: (1) failure conduct an investigation with respect to the disputed information; (2) failure to review all relevant information provided by Plaintiff and Equifax; (3) failure to modify, delete, or permanently block the "inaccurate information" on Plaintiff's credit report; (4) failure to report the results of any reasonable investigation of the dispute; and (5) failure to conduct a reasonable investigation of its reporting, record that the information was disputed, or delete the "inaccurate reporting" from the credit file. (*Id.* ¶¶ 115-121.) Plaintiff also alleges that he provided "all relevant information in his request for investigation" and that his "bankruptcy information is public record that is widely available and easily accessible." (*Id*. ¶ 124.)

## MOTION TO DISMISS STANDARD

"To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to 'state a claim to relief that is plausible on its face' and 'raise a right to relief above a speculative level.'" *Doe v. Village of Arlington Heights*, 782 F.3d 911, 914 (7th Cir. 2015) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. (quotation marks omitted). A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citations and quotation marks omitted). Moreover, a plaintiff can plead himself out of court by alleging facts or attaching documents to the complaint showing he is not entitled to relief. *See Centers v. Centennial Mortg., Inc.*, 398 F.3d 930, 933 (7th Cir. 2005); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753-54 (7th Cir. 2002). "To the extent an exhibit or a judicially noticed court document contradicts the complaint's allegations, the exhibit or document takes precedence." *Renaud v. City of Chicago*, No. 12-CV-08758, 2013 WL 2242304, at *5 n. 1 (N.D. Ill. May 21, 2013) (citations and quotation marks omitted).

**ARGUMENT**

I. **COUNT IV SHOULD BE DISMISSED WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 12(B)(6) BECAUSE PLAINTIFF HAS NOT STATED A PLAUSIBLE CLAIM AGAINST CHASE FOR VIOLATION OF FCRA.**

Plaintiff's FCRA claim against Chase (Count IV) should be dismissed with prejudice because he has pled no facts making it plausible that Chase failed to investigate and correct "inaccurate" credit information regarding the 2003 Mortgage, the 2005 Mortgage, or the HELOC. Rather, the facts alleged and the excerpts of Equifax's post-dispute reporting contained in the Complaint demonstrate that it is *implausible* that Chase failed to investigate and correct "inaccurate" information, because the information reported shows that Chase's reporting of the three loans was accurate and comports with the reporting requirements of the FCRA.

A. **FCRA's Requirements for "Furnishers of Information."**

The FCRA prohibits "furnishers of information" from reporting information about consumers to credit reporting agencies ("CRAs") that the furnisher of information reasonably believes is incomplete or inaccurate. *See generally* 15 U.S.C. §§1681s-2(a)-(b). Among other things, Section 1681s-2(b) requires that upon notice of a dispute regarding the accuracy of information on a consumer's credit report, furnishers of information must conduct an investigation regarding the disputed information, review all relevant information provided by the CRA; and report the results of the investigation to the CRA. 15 U.S.C. §§1681s-2(b)(1)(A)-(C). If the investigation reveals that the disputed information is incomplete or inaccurate, the furnisher of information must report the results to all other CRAs, and must modify, delete, or permanently block the reporting of the inaccurate information. 15 U.S.C. §§1681s-2(b)(1)(D)-(E). Thus, in order to state a claim under Section 1681s-2(b), Plaintiff must allege that (1) he reported his allegedly inaccurate account information to the CRA; (2) the CRA properly reported

8

Plaintiff's allegedly inaccurate information to Chase; and (3) Chase then failed to investigate Plaintiff's account or correct any inaccurate information. *See* 15 U.S.C. § 1681s-2(b).

Here, Plaintiff's conclusory allegations that Chase violated 15 U.S.C. §§1681s-2(b) and 1681i do not state a plausible claim for relief under the FCRA. (*See* Compl. ¶¶ 115-121.) These allegations are merely recitations of the requirements of the statute, and do not set forth any facts plausibly demonstrating that Chase failed to investigate, report, or correct any purportedly inaccurate information relating to 2003 Mortgage, the 2005 Mortgage, or the HELOC. *See Iqbal*, 129 S. Ct. at 1949. In fact, as discussed below, the allegations Plaintiff *does* make in his Complaint do not allow a reasonable inference that Chase failed to investigate, report, or correct any purportedly inaccurate information about the Loan. *Id*. To the contrary, Plaintiff's own allegations and his Bankruptcy Petition demonstrate that the three accounts that he disputed: (1) were *not* included in his Bankruptcy, and, therefore, it would have been inaccurate for Chase to report the accounts as being discharged in his Bankruptcy; and (2) are being reported in a way that cannot plausibly be construed as in accurate or suggesting that Plaintiff owes any amounts on the 2003 Mortgage, the 2005 Mortgage, or the HELOC.

**B.     Plaintiff Cannot Plausibly State Any Claim Based on the Alleged Failure to Identify the 2003 Mortgage, 2005 Mortgage, and HELOC as Being Discharged in the Bankruptcy.**

The crux of Plaintiff's FCRA claim against Chase and the post-dispute reporting of the 2003 Mortgage, the 2005 Mortgage, and the HELOC is that the three accounts should have been reported as being discharged in Plaintiff's Bankruptcy. (*See* Compl. ¶¶ 33, 35, 37, 42 (alleging it was inaccurate and derogatory for Chase not to report the loans as being included or discharged in the Bankruptcy, given that Chase received information about the Bankruptcy); *id*. ¶¶ 39-40 (alleging Plaintiff has suffered damages because his loans were not reported as being discharged in the Bankruptcy); *id*. ¶ 124 (alleging Chase had access to Plaintiff's Bankruptcy because it was

9

publicly accessible).) However, none of those three loans are identified in Plaintiff's Bankruptcy Petition. (*See generally* Bankruptcy Petition.) Nor could they have been because all three accounts were closed in 2011, over five years *before* Plaintiff filed for bankruptcy. (*See* Compl. ¶ 36.)

The only Chase mortgage or home equity loan identified in Plaintiff's Bankruptcy Petition was the Palatine Mortgage (Schedule D to Bankruptcy Petition at 1), but Plaintiff does not allege that the reporting of the Palatine Mortgage was inaccurate or that he disputed the reporting of the Palatine Mortgage. (*See* Compl. ¶¶ 31-36.) In Schedule D to Plaintiff's Bankruptcy Petition, Plaintiff identified the Palatine Mortgage as having been opened in April 2012, having been last active in November 2016, and having an account number ending in -620. (Schedule D to Bankruptcy Petition at 1.) There are no other Chase mortgages or home equity lines of credit identified in the Bankruptcy Petition. (*See generally* Bankruptcy Petition.)

Because Section 1681s-2(b) imposes obligations on furnishers of information based on inaccurate credit reporting only after being alerted of a dispute from a consumer, *see* 15 U.S.C. § 1681s-2(b), Plaintiff cannot plausibly state a claim against Chase based on Chase's alleged failure to report the 2003 Mortgage, 2005 Mortgage, or HELOC as being included or discharged in Plaintiff's Bankruptcy. In fact, given that these accounts were closed and paid off more than five years prior to Plaintiff's Bankruptcy (*see* Compl. ¶ 36), it would have been inaccurate for Chase to report them as being included or discharged in Plaintiff's Bankruptcy.

### C. Plaintiff Cannot Plausibly State Any Claim Based on the Post-Discharge Reporting of the 2003 Mortgage, 2005 Mortgage, and HELOC Because the Reporting is Accurate.

The Court should dismiss Plaintiff's FCRA claim against Chase with prejudice to the extent it is based on the post-dispute reporting of the 2003 Mortgage, 2005 Mortgage, and HELOC because the facts alleged and the excerpts of the Equifax report included in the

Complaint demonstrate that Chase reported accurate information about the accounts, and no reasonable person viewing the reporting would conclude Plaintiff was still liable for any payments under the 2003 Mortgage, 2005 Mortgage, or HELOC.

In order to state a claim under Section 1681s-2(b), Plaintiff must allege that (1) he reported his allegedly inaccurate account information to the CRA; (2) the CRA properly reported Plaintiff's allegedly inaccurate information to Chase; and (3) Chase then failed to investigate Plaintiff's account or correct any inaccurate information. *See* 15 U.S.C. § 1681s-2(b). Here, Plaintiff alleges that he reported allegedly inaccurate information regarding the 2003 Mortgage, the 2005 Mortgage, and the HELOC to Equifax, claiming that the accounts should have been reported as being "paid and closed" – albeit on the faulty premise that the three accounts should have been included in the Bankruptcy. (*See* Compl. ¶¶ 31-32.) Plaintiff alleges, "[u]pon information and belief," that Chase received notice of Plaintiff's dispute to Equifax. (*Id.* ¶ 33.) He further alleges that the post-dispute reporting of the three accounts "is patently inaccurate and creates a materially misleading impression that Plaintiff is still responsible for, and obligated to pay a monthly payment amount." (*Id.* ¶ 37.)

However, a reading of the plain language of the post-dispute reporting of the 2003 Mortgage, 2005 Mortgage, and HELOC provided in the excerpts from Equifax's reporting in Plaintiff's Complaint shows that no such conclusion can be reached. To the contrary, any reasonable reading of the reporting for all three accounts mandates the conclusion that all three accounts have been closed and paid in full since 2011, and Plaintiff has no obligation to make any further payments. (*See* Compl. ¶ 36.) The reporting for all three accounts indicates: (1) they were closed in 2011; (2) they were reported as "Paid and Closed"; (3) the "Status" is "Paid As Agreed"; (4) each is explicitly identified as "Closed or Paid Account/Zero Balance"; (5) the

11

"Balance Amount" for each account is $0; (6) the "Amount Past Due" for each account is $0; and (7) there is no "Date of 1st Delinquency" for any of the accounts. (*Id.*)

Plaintiff attempts to isolate the "Scheduled Payment Amount" and take it out of the context of the entirety of the credit reporting. For instance, the post-dispute reporting for the 2005 Chase Mortgage shows that, while Plaintiff's regularly scheduled payment amount was $910, he actually made a final payment of $116,280 in December 2011, which resulted in the mortgage being paid off. (*See id.*) The same is true for the reporting of the 2003 Mortgage and the HELOC. (*See id.*)

Given that all three accounts are identified as having been "Paid," having been "Closed" in 2011, and having a "Zero Balance," a $0 "Balance Amount," a $0 "Amount Past Due," and no delinquency, it is implausible that the post-dispute reporting of any of the three accounts can be construed as creating any impression that Plaintiff has any continuing payment obligations under any of the three accounts. This result is consistent with other rulings in this District dismissing claims based on alleged inaccurate reporting of "scheduled payment amounts." *E.g.*, *Gagnon v. JPMorgan Chase Bank, N.A.*, 563 B.R. 835, 849-50 (N.D. Ill. 2017) (dismissing claim against a credit reporting agency, based on allegedly inaccurate reporting relating to the fact that the plaintiff's credit report showed a "scheduled payment amount" after bankruptcy because "it is not plausible that even an unsophisticated consumer would be misled into thinking these amounts were due given the report's unambiguous statement that the account was 'discharged through Bankruptcy Chapter 13,' had a $0 balance 'as of Jul 2015,' and had been updated as a result of Experian 'processing [Plaintiff's] dispute in Aug 2015.'"); *Hupfauer v. Citibank, N.A.*, No. 16 C 475, 2016 WL 4506798, at *5 (N.D. Ill. Aug. 19, 2016) (dismissing FCRA claim and rejecting plaintiff's argument that inclusion of a "scheduled payment amount" on a credit report was inaccurate

12

where "both the balance amount and the amount past due on the . . . account are $0, as there is no recent balance reported and the account is listed as foreclosed); *Connor v. JPMorgan Chase Bank, N.A.*, No. 15-cv-8601, 2016 WL 7201189, at *3 (N.D. Ill. Mar. 22, 2016) (dismissing § 1681s-2b claim against Chase based on the reporting of a "Scheduled Payment Amount," where the "the body of the report itself makes clear that both the balance amount and the amount past due are $0, which is also consistent with the FCRA").

Therefore, because Plaintiff has pled facts demonstrating that his FCRA claim against Chase cannot succeed, the Court should dismiss Count IV with prejudice. *See Jefferson v. Ambroz*, 90 F.3d 1291, 1296 (7th Cir. 1996) ("[I]f a plaintiff chooses to plead particulars, and they show he has no claim, then he is out of luck—he has pleaded himself out of court.") (citation and quotation marks omitted); *see also R.J.R. Servs., Inc. v. Aetna Cas. & Sur. Co.*, 895 F.2d 279, 281 (7th Cir. 1989) (courts should not ignore facts that "undermine the plaintiff's claim").

## II.  COUNT IV SHOULD BE DISMISSED WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 12(B)(6) BECAUSE PLAINTIFF HAS NOT PLAUSIBLY ALLEGED ACTUAL DAMAGES AS A RESULT OF ANY ALLEGED FCRA VIOLATION BY CHASE.

Because Plaintiff has not pled facts plausibly demonstrating that Chase violated the FCRA, he also cannot plausibly allege that he was damaged as a result of Chase's actions. *See Crabill v. Trans Union, L.L.C.*, 259 F. 3d 662, 664 (7th Cir. 2001) ("Without a causal relation between the violation of the statute and the loss of credit, or some other harm, a plaintiff cannot obtain an award of 'actual damages'. . . ."). While at the motion to dismiss stage, a plaintiff need only allege facts sufficient to plausibly suggest that he is entitled to damages, at a minimum, FCRA requires a plaintiff to allege a causal relation between the violation of the statute and the loss of credit or some other harm. *See Novak v. Experian Info. Solns., Inc.*, 782 F. Supp. 2d 617,

13

623 (N.D. Ill. 2011) (dismissing FCRA claim because plaintiff made threadbare allegation that he was "damaged by these violations" and collecting cases); *see also Ritchie v. N. Leasing Sys., Inc.*, 14 F. Supp. 3d 229, 241 (S.D.N.Y. 2014) (conclusory allegations of damages insufficient to state claim under FCRA); *King v. Equable Ascent Fin., LLC*, No. 1:12-CV-443, 2013 WL 2474377, at *4 (M.D.N.C. June 10, 2013) (dismissing FCRA claim in part for failure to allege facts to show that the alleged conduct violating FCRA resulted in any actual damage, including, "for example, that the [alleged conduct] affected his ability to get a specific loan or line of credit or interfered with his ability to rent a specific home or get a specific job.").

Here, Plaintiff has not plausibly pled a causal connection between his alleged damage and Chase's alleged FCRA violation. Plaintiff vaguely alleges that he "suffered various types of damages," including "loss of credit," "frustration" associated with attempting to resolve the dispute, and "mental and emotional pain and suffering." (Compl. ¶¶ 39-44.) But, again, these alleged damages appear to stem from Plaintiff's faulty premise that the 2003 Mortgage, 2005 Mortgage, and HELOC should have been reported as being included or discharged in Plaintiff's Bankruptcy. (*See id*. ¶¶ 38-39, 42.) Simply put, Plaintiff does not (and cannot) allege even the most basic facts to establish a causal connection between the reporting of correct, permissible information regarding the 2003 Mortgage, 2005 Mortgage, and HELOC (including the amount due and balance of $0 and the reporting that the accounts were "Paid" and "Closed") and any purported loss of credit or other damages. Consequently, Plaintiff has not pled any facts making it plausible that he suffered any damages caused by Chase.

Because Plaintiff has not plausibly alleged any actual damage caused by Chase as a result of any alleged violation of § 1681s-2(b), Count IV should be dismissed with prejudice pursuant to Rule 12(b)(6) for this additional reason.

WHEREFORE, defendant JPMorgan Chase Bank, N.A. respectfully requests that this Court enter an order dismissing Count IV of Plaintiff's Complaint with prejudice and granting such other relief the Court deems just and appropriate.

Date: September 20, 2019

Respectfully submitted,

**JPMORGAN CHASE BANK, N.A.**

By:   /s/ Andrew D. LeMar
      One of its attorneys

Andrew D. LeMar (alemar@burkelaw.com)
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash Avenue, 21st Floor
Chicago, Illinois 60611-3607
Telephone: (312) 840-7000
Facsimile: (312) 840-7900

## **CERTIFICATE OF SERVICE**

On September 20, 2019, the undersigned caused the foregoing Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss Count IV of Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) to be filed electronically with the Northern District of Illinois, and served upon all parties registered to receive notice via the Court's CM/ECF system.

/s/ William Daitsman
William Daitsman

4821-1994-2054, v. 1