IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY A. TOMCZYK, SR., <br><br> Plaintiff, <br><br> v. <br><br> BSI FINANCIAL SERVICES, INC., EQUIFAX INFORMATION SERVICES, LLC, JP MORGAN CHASE BANK, N.A., and TRANSUNION, LLC, <br><br> Defendants. | Case No. 1:19-cv-04328 <br><br> Honorable Judge Elaine E. Bucklo |

## AMENDED JOINT INITIAL STATUS REPORT

Pursuant to Honorable Judge Elaine E. Bucklo's minute entry dated August 27, 2019, Plaintiff, Gregory A. Tomczyk, Sr. ("Plaintiff") and Defendants, BSI Financial Services, Inc., Equifax Information Services LLC, JPMorgan Chase Bank, N.A., and TransUnion, LLC ("Defendants"), through their respective counsel submit this Joint Initial Status Report as follows:

**I.      Nature of the Case**

**1.      Attorneys of Record:** For Plaintiff, Marwan R. Daher, Omar T. Sulaiman, and Alexander J. Taylor from the Sulaiman Law Group, Ltd. have filed appearances. For BSI Financial Services ("BSI"), Jeffrey T. Karek of Maurice Wutscher LLP has filed an appearance and answer. For JPMorgan Chase Bank, N.A. ("Chase"), Andrew D. LeMar of Burke, Warren, MacKay & Serritella, P.C. has filed an appearance. For TransUnion, LLC ("TU"), Scott Edwin Brady and Colin C. Poling of Schuckit & Associates, P.C. and Michael Joseph Sreenan have filed appearances. For Equifax Information Services LLC ("Equifax"), Mary Kathryn Curry and Rodney L. Lewis of Polsinelli PC have filed an answer and appearance.

**2.      Basis for Federal Jurisdiction:** The Court has subject matter jurisdiction over Plaintiff's claims arising under the Fair Credit Reporting Act ("FCRA") (15 U.S.C. § 1681) and

1

the Fair Debt Collection Practices Act ("FDCPA") (15 U.S.C. §1692). Venue is proper pursuant to 28 U.S.C § 1391(b)(2).

    **3.**     **Nature of Claims asserted:** Plaintiff's claims consist of: Count I, violations of the FCRA against BSI; Count II, violations of the FCRA against TU; Count III, violations of FDCPA against BSI; Count IV, violations of FCRA against Equifax; and Count V, violations of the FCRA. Plaintiff alleges that Defendants collectively violated their statutory duties under the FCRA and continued to report inaccurate, incomplete, and materially misleading information in relation to a mortgage loan that was discharged in his Chapter 13 bankruptcy on May 10, 2018.

    Equifax is a consumer reporting agency, as that term is defined in the FCRA, and is regularly engaged in the preparation of consumer reports. Equifax maintains reasonable procedures designed to assure the maximum possible accuracy of the information it reports about consumers. Equifax denies that it violated the FCRA in its handling of Plaintiff's dispute(s) and that it is liable to Plaintiff in any manner whatsoever. Even if Plaintiff has suffered any compensable damages, Equifax is not responsible for the injuries of which Plaintiff complains and is without fault concerning all claims and theories upon which Plaintiff relies.

    Trans Union: Defendant Trans Union is a consumer reporting agency, as that term is defined by the FCRA, and states that at all times relevant, Trans Union maintained reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff and Trans Union complied with the requirements of the FCRA with respect to Plaintiff. Trans Union furthermore properly initiated and conducted any required reinvestigations pursuant to the FCRA. As such, any damages Plaintiff may have sustained were not caused by Trans Union.

    Chase is a furnisher of information, as that term is defined by the FCRA, and Chase denies that its obligations under 15 U.S.C. § 1681s-2(b) were triggered with respect to two of the Chase three accounts about which Plaintiff complains. Chase further denies that its reporting of any of

the three Chase accounts about which Plaintiff complains was inaccurate, or that Chase otherwise failed to comply with the requirements of the FCRA. Furthermore, contrary to Plaintiff's allegations, all three of the Chase accounts about which Plaintiff complains were either closed or service-transferred before Plaintiff filed his bankruptcy petition, so none of the three accounts should have been reported as being included in Plaintiff's bankruptcy. Finally, Chase denies that Plaintiff has suffered any actual damages caused by Chase.

BSI denies that it violated FCRA or the FDCA, states that if it had violated the FDCPA, it would have been the result of a bona fide error, and denies that Plaintiff suffered any actual damages caused by BSI.

**4. Legal and Factual Issues:**

The legal issues in this case are: (1) whether BSI, TU, Equifax, and Chase complied with the FCRA when they responded to Plaintiff's detailed credit disputes that his mortgage loan was reported inaccurately, misleadingly, and incompletely on his Equifax credit report; (2) whether BSI and Chase reported Plaintiff's mortgage loan to credit reporting agencies inaccurately or misleading; (3) whether TU and Equifax established or followed reasonable procedures to assure maximum possible accuracy of the information contained in Plaintiff's consumer reports; (4) whether as a result of any claimed FCRA violation by BSI, Chase, Equifax, and Trans Union, Plaintiff suffered actual damage and if so, in what amount; (5) whether any claimed FCRA violation by BSI, Chase, Equifax, and Trans Union was the result of BSI's, Chase's, Equifax's, and/or Trans Union's willful noncompliance with the applicable provision of law; and (6) whether Chase's obligations under 15 U.S.C. § 1681s-2(b) were triggered with respect to the Chase accounts identified in Plaintiff's Complaint.

**5. Relief Sought:** Plaintiff seeks (1) affirmative injunctive relief ordering the immediate deletion or modification of all adverse credit reporting relating to the mortgage loan;

(2) actual damages; (3) statutory damages; (4) punitive damages; and (5) attorneys' fees and costs of suit. BSI, Chase, Equifax, and Trans Union do not allege any damages at this time, but reserve the right to do so, and will provide a computation of each category of damages to the extent BSI, Chase, Equifax, and/or Trans Union exercise that right as a supplement to these disclosures. Further, BSI, Chase, Equifax, and Trans Union deny all liability to Plaintiff for any damages.

B.  **Pending Motions & Case Plan**

    a.  **Pending Motions:** On September 20, 2019, Chase filed a Motion to Dismiss Plaintiff's FCRA claim. (Dkt. No. 33).

    b.  **Standing Order for MID Pilot:** The Parties confirm that they have read and understand the Standing Order for the MID Pilot and have collectively discussed the mandatory initial discovery responses or their deadlines. Trans Union served its MIDP responses on all counsel of record on August 30, 2019. Trans Union has not been served with Plaintiff's MIDP responses, which were also due by August 30, 2019.

    c.  **Discovery and Case Plan:**

        1) **Type of Discovery Needed:** The Parties anticipate both written and oral discovery.

        2) **Written Discovery:** Written discovery to be served by January 20, 2020.

        3) **Fact Discovery:** Fact Discovery to be completed by April 6, 2020.

        4) **Expert Discovery:** The Parties do not anticipate expert discovery and requests that the Court set expert discovery dates, if necessary, after the close of fact discovery. BSI, Chase, Equifax, and Trans Union reserve the right to identify a rebuttal witness(es), should Plaintiff identify an expert.

        5) **Date for Final Supplementation of MIDP:** March 27, 2020.

6) **Dispositive Motions:** Parties shall file dispositive motions with 45 days of the close of fact discovery.

7) **Tentative Trial Date:** The Parties request this Court to set a tentative trial date following a ruling on any dispositive motions filed.

8) The Parties have agreed that this case is not suitable for electronic discovery and will, instead, produce any electronically stored information in hard copy or in /pdf format as an initial matter. Once the Parties have had the opportunity to review such documents, they agree, if necessary, to confer regarding any additional exchange or production that the Parties believe is necessary.

    d.    **Jury Trial:** Plaintiff has demanded a jury trial. The probable length of trial is 1-2 days.

**3.**    **Consent to Proceed Before a Magistrate Judge:** The Parties have not unanimously consented to proceed before a Magistrate Judge to-date.

**4.**    **Status of Settlement Discussions:** Plaintiff has provided initial settlement demands to each Defendant. Plaintiff and Equifax have settled in principal.

    A.    The Parties are amenable to conducting a settlement conference at or near the close of discovery, in the event settlement negotiations are unsuccessful.

Dated: September 6, 2019

| | |
|---|---|
| **Gregory A. Tomczyk, Sr.** | **BSI Financial Services, Inc.** |
| By: */s/ Marwan R. Daher* | By: */s/ Jeffrey T. Karek* |
| Marwan R. Daher | Jeffrey T. Karek |
| Sulaiman Law Group, Ltd. | Maurice Wutscher LLP |
| 2500 South Highland Avenue, Ste. 200 | 105 W. Madison Street, 18th Floor |
| Lombard, Illinois 60148 | Chicago, Illinois 60602 |
| mdaher@sulaimanlaw.com | jkarek@mauricewutscher.com |
| *Attorney for Plaintiff* | *Attorney for BSI Financial Services, LLC* |
| | |
| **JP Morgan Chase Bank, N.A.** | **TransUnion, LLC** |
| By: */s/ Andrew D. LeMar* | By: */s/ Scott Edwin Brady* |
| Burke, Warren, MacKay & Serritella, P.C. | Scott Edwin Brady |
| 330 N. Wabash Ave., 21st Floor | 4545 Northwestern Drive |
| Chicago, Illinois 60611 | Zionsville, Indiana 46077 |
| alemar@burkelaw.com | sbrady@schuckitlaw.com |
| *Counsel for JPMorgan Chase Bank, N.A.* | *Counsel for TransUnion, LLC* |

**Equifax Information Services LLC**

By:/s/ *Mary K. Curry*
Mary K. Curry
Rodney L. Lewis
**POLSINELLI PC**
150 North Riverside Plaza
Suite 3000
Chicago, Illinois 60606
+1 312-819-1900
mkcurry@polsinelli.com
rodneylewis@polsinelli.com
*Counsel for Equifax Information Services LLC*